# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In the Matter of | * | CHAPTER 7 |
| George Joseph Porter | * | |
| Aralean H. Porter | * | CASE NO. 10-13553 |
| | * | SECTION A |
|    Debtors | * | |

---

| | | |
|---|---|---|
| HighSteppin' Productions, LLC | * | ADVERSARY NO. |
|    Plaintiff | * | 10-1130 |
| v. | * | |
| | * | |
| George Joseph Porter, Jr., et al | * | SECTION A |
| | * | |
|    Defendants | * | |

*Administratively Consolidated for Trial with*

| | | |
|---|---|---|
| HighSteppin' Productions, LLC | * | ADVERSARY NO. |
| | * | 10-1131 |
|    Plaintiff | * | |
| | * | SECTION A |
| v. | * | |
| | * | |
| Brian Herbert Stoltz, et al. | * | |
|    Defendants | | |

******************************************

## SCHEDULING ORDER

A pre-trial conference was held in this matter on October 17, 2011. Representatives for the following parties were present at the pre-trial conference:

    John Pieksen for George Joseph Porter, Jr.
    Ronnie Penton for Brian Hebert Stoltz and Porter-Batiste-Stoltz, LLC
    Claude Lightfoot for David Russell Batiste, Jr.
    Derek Mercer for Highsteppin' Productions, LLC

This order governs the procedures for the trial scheduled before Judge Elizabeth W. Magner, in the above captioned proceeding.

**IT IS ORDERED** that:

1. All documentary evidence to support Plaintiff's claims must be produced by **October 31, 2011.**

2. All documentary evidence to support Defendant's counterclaims must be produced by **November 30, 2011.**

3. Depositions: All depositions of fact witnesses must be completed by **December 31, 2011**.

4. Experts: Experts must be designated by **January 2, 2012.** Expert reports will be exchanged by **January 13, 2012.**

5. Depositions of Experts: These must be completed by **January 27, 2012.**

6. In connection with preparation of the joint pretrial order, the parties shall meet, exchange copies of all exhibits, and agree as to the authenticity of exhibits. The exhibits to be introduced at the trial may not be duplicative. Counsel shall compile, **in three ring binders**, a joint bench book of consecutively numbered exhibits, the authenticity of which is not contested. Each page must be numbered. **Three** bench books shall be delivered to chambers **ten (10) days** prior to trial. Written objections to any exhibits that are not admitted to be authentic shall be submitted no later than ten (10) days before the trial. All objections, other than as to authenticity, are reserved until trial, but counsel are urged to stipulate to the admissibility of exhibits before the trial. Except for good cause, the Court will not permit the introduction of any exhibits or documents not exchanged and submitted to the Court prior to trial unless such exhibits or documents are to be used solely for impeachment or rebuttal purposes. A party should request a protective order before trial if necessary to preserve trade secrets or privileges. In addition to bench books delivered to chambers, bench books shall be available for trial for use

by counsel.

7. Witnesses: Except for good cause, witnesses not named on the witness lists identified in the pre-trial order may not be called to testify for any purpose at trial.

8. Trial: Trial, which is estimated to be completed in eight (8) days, is scheduled for **FEBRUARY 13 THROUGH FEBRUARY 17, 2012 AND FEBRUARY 22 THROUGH FEBRUARY 24, 2012. TRIAL WILL BEING AT 9:00 AM**, in Courtroom B-709, Hale Boggs Federal Building, 500 Poydras Street, New Orleans, Louisiana 70130.

9. Pre-trial Order: The pre-trial order and briefs must be filed no later than 5:00 p.m. on **February 6, 2012**, and bench books must be delivered to chambers on the same date. The pre-trial order is mandatory, but briefs are optional.

### Requirements for Pre-trial Order

The pre-trial order must contain:

1. Appearances of counsel and every party counsel represents;

2. A comprehensive written statement of all uncontested material facts;

3. A list of every uncontested conclusion of law.

4. A list of every conclusion of law proposed by each party that is contested by any other party;

5. A statement that "Discovery is complete." Except for good cause, all discovery must be complete before the discovery cutoff date in this order. The Court shall not consider motions for extensions of time to complete discovery filed after the discovery cutoff;

6. A list of all proposed exhibits, grouped by party, to which there is no objection;

7. Witnesses:

a) A list of witnesses for each party, including the names, addresses, a statement of the general subject matter of their testimony, and an indication of which **will** be called in the absence of reasonable notice to opposing counsel to the contrary, and of which may be called;

b) A statement that "No further witnesses can be added to the pre-trial order except with leave of Court, to be granted only for good cause."  The Court will not grant leave to add witnesses after a deadline for submitting a witness list if doing so will deprive opposing counsel of the opportunity to depose these witnesses or delay the trial unnecessarily.  This restriction shall not apply to impeachment or rebuttal witnesses;

8. The proposed pre-trial order must be signed by counsel for all parties (or parties, if not represented by counsel) before it is filed into the record.

**IT IS FURTHER ORDERED** that any deadlines or other requirements in this Order can be changed only by Court order.

**IT IS FURTHER ORDERED** that the Clerk shall notice this Order to counsel of record for all parties entitled to notice.

**IT IS FURTHER ORDERED** that failure to comply with any of the requirements of this Order may result in dismissal of the action, default, compensatory sanctions, contempt sanctions, or other appropriate penalties.

New Orleans, La., October 20, 2011.

_____
Elizabeth W. Magner
U.S. Bankruptcy Judge